638 N.W.2d 415 (2002)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Bill Harris LEONARD, Defendant-Appellant.
No. 117678, COA No. 214494.
Supreme Court of Michigan.
February 1, 2002.

ORDER
On order of the Court, the delayed application for leave to appeal from the July 25, 2000 decision of the Court of Appeals is considered. It appears to this Court that our review of the application would be *416 aided by obtaining certain information concerning the August 31, 1998 plea and the October 28, 1998 sentencing proceedings in People v. Latoya Bell, Jackson Circuit Court No. 98-088720-FH. The Court has been advised that at the proceedings on August 31, 1998, when the trial judge indicated that the sentence would be entirely up to the court, Bell's lawyer, Lawrence Friedman, interjected that he and the prosecutor had agreed to discuss the matter of sentencing in chambers following the guilty plea, and that the on-the-record proceedings then ended.
We DIRECT the trial judge in People v. Latoya Bell, supra, to provide this Court with a sworn statement as to the nature, content and particulars of any off-the-record and in-chambers discussions between the court, Assistant Prosecuting Attorney Kathleen Rezmierski and defense counsel Friedman, with regard to Bell's case, plea, or sentencing or any promise, inducement, reward or consideration for her plea, cooperation or testimony.
We retain jurisdiction. The application remains under consideration.
KELLY, J., dissents and states as follows:
I would remand for an evidentiary hearing. Defendant claims prosecutorial misconduct stemming from the direct examination of the prosecution's key witness, Latoya Bell. Before questioning Bell about the events surrounding the victim's death, the prosecution asked if she had some involvement in the case, to which she responded, "Yes." The prosecution then asked specific questions regarding whether she had been promised anything for testifying, to which she responded, "No."
Defendant contends that the prosecution failed to disclose that implied or express promises were made to Bell or that she was given expectations of leniency in exchange for her testimony. In support of this argument, defendant provided evidence suggesting that Bell testified as she did because of such promises. On the record, Bell's attorney stated that he and the prosecutor had agreed to discuss sentencing in chambers after the plea. Bell was later sentenced to one year probation, which was suspended. I think this suggests that there was a promise of leniency and requires a remand for an evidentiary hearing.
I agree that a statement from the trial judge who presided over Bell's plea and sentencing will aid in reviewing defendant's claim of prosecutorial misconduct. If promises were made to Bell in chambers and off the record, their contents would not appear in the transcripts from the relevant proceedings.
However, I believe that this Court's order does not go far enough. Defendant should have the opportunity at an evidentiary hearing to examine any witness to the post-plea in-chambers discussion. We should have the benefit of the Leonard trial judge's ruling on whether there was prosecutorial misconduct in putting before the jury Bell's testimony that she had been promised nothing.
Therefore, I would remand the case to the circuit court for an evidentiary hearing. I would order the trial judge in Bell's case to provide testimony regarding in-chambers conversations bearing on any promise or inducement for Bell's cooperation in this case. I would direct the trial judge in this case then to rule on the question of prosecutorial misconduct and to submit that ruling to this Court.